AUSA Jeffrey H. Cramer (312) 886-7631

AO 91 (REV.5/85) Criminal Complaint

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

DOCKETED
SEP 2 2 2004

UNITED STATES OF AMERICA

v.

JORGE RAMIREZ-LOPEZ  a/k/a
JORGE GONZALEZ-LOPEZ

CRIMINAL COMPLAINT

CASE NUMBER: 04CR0829

MAGISTRATE JUDGE ASHMAN

FILED
SEP 2 1 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

On or about September 6, 2004 in Chicago, in the Northern District of Illinois, and elsewhere, defendant

```
an alien who previously had been deported two times and removed from the United states, was
found in the United States without previously obtaining the express consent of the Attorney
General of the United States for re-application by defendant for admission into the United
States;
```

in violation of Title 8 United States Code, Section 1326(a). I further state that I am a Special Agent for the United States Bureau of Homeland Security and that this complaint is based on the following facts:

Please see attached affidavit.

Continued on the attached sheet and made a part hereof:  x Yes __ No

Andrew Roszel
United States Bureau of Homeland Security

Sworn to before me and subscribed in my presence,

September 21, 2004            at  Chicago, IL
Date                              City and State

Martin C. Ashman
Name & Title of Judicial Officer            Signature of Judicial Officer

STATE OF ILLINOIS )
                  )SS
COUNTY OF COOK )

## AFFIDAVIT

I, Andrew Roszel, being duly sworn upon oath, depose and state as follows:

1. I am a Special Agent with the United States Bureau of Homeland Security, United States Immigration and Customs Enforcement. (I.C.E.), ( formerly, Immigration and Naturalization Service (I.N.S.)), and have been so employed for over 15 years.

2. I am a member of the Investigation Unit within I.C.E. that specializes in the apprehension of criminal aliens. I work with several law enforcement agencies in the Chicago, Illinois area, reviewing cases involving aliens who are charged with or convicted of criminal offenses. This affidavit is based upon my review of the file materials available to the Investigation Unit, as set forth below. This affidavit is submitted for the purpose of establishing probable cause that Jorge RAMIREZ-Lopez, also known as Jorge GONZALEZ-Lopez, FBI number #: 238548XA2, violated 8 U.S.C. 1326(a) and (b)(2). This affidavit does not contain all facts known to me in support of the violations.

3. The defendant, Jorge RAMIREZ-Lopez, is a native and citizen of Mexico. The defendant is not a citizen of the United States.

4. According to I.C.E. records, the defendant first entered the United States during May of 1990, at or near Nogales, Arizona. The defandants' date of birth is June 6, 1978 and he was eleven (11) years of age. The defendant has a file with I.C.E. using the number of A75 819 012.

5. On November 12, 1994, the defendant was arrested for Disorderly Conduct, in violation of 720 ILCS 5-26A-1, docket number 94142273801. On December 6, 1994, the case was Stricken on Leave to Reinstate. The defendant was sixteen (16) years of age.

6. On December 2, 1994, the defendant was arrested for Gang Loitering, in violation of Statute 8-4-015, docket number 94143469001. On January 9, 1995, the defendant forfeited his bail bond.

7. On December 29, 1994, the defendant was arrested for Moving Violations (traffic). There is no known disposition of this case.

8. On November 26, 1995, the defendant was arrested for Battery, in violation of 720 ILCS 5/23-A-1, docket # 95143252801. On December 18, 1995, the case was Stricken on Leave to Reinstate. The defendant was seventeen (17) years of age.

9. On February 28, 1996, the defendant was arrested for Disorderly Conduct, in violation of 720 ILCS 5-26-A-1, docket number 96121774001. On April 19, 1996, the case was Nolle Prosequi.

10. On May 26, 1996, the defendant was arrested for Aggravated Assault, in violation of 720 ILCS 5/12-2 and 5/12-3, docket number 96131152001. On August 13, 1996, the case was Stricken with Leave to Reinstate.

11. On June 13, 1996, the defendant was arrested for Sale/Delivery of Other Controlled Substance, in violation of 720 ILCS 570/401(D), docket number 96-CR-2019501. On January 8, 1997, the defendant was found not guilty.

12. On September 14, 1996, the defendant was arrested for Criminal Damage to Property, in violation of 720 ILCS 5/21-1(1), docket number 96139590401. On October 25, 1996, the case was Stricken with Leave to Reinstate. The defendant was over eighteen (18) years of age.

13. On February 24, 1997, the defendant was arrested for Aggravated Assault, in violation of 720 ILCS 5/12-2, docket number 97126563301. On March 31, 1997, the case was Stricken with Leave to Reinstate.

14. On May 20, 1997, the defendant was arrested for Possession of a Firearm/No FOID Card, in violation of 430 ILCS 65/2(A)(1)-4, docket number 97-CR-1554301. On July 15, 1997, the defendant was convicted and received a sentence of twenty (20) months Probation.

15. On August 4, 1997, the defendant was **DEPORTED** from the United States to Mexico. I.C.E. records reflect that the defendant re-entered the U.S. on or about January 28, 1998, without inspection, at or near San Ysidro, California.

16. On November 12, 1997, a Warrant was issued on the defendant from Cook County, Illinois regarding the Possession of a Firearm case, docket number 97-CR-1554301. On April 8, 1998, the defendant was sentenced to one (1) year incarceration with the Illinois Department of Corrections.

17. On December 28, 1998, the defendant was convicted in the U.S. District Court, Central District of Illinois, docket number 3:98-CR-30032-001, of **Re-entry of Illegal Alien**, in violation of 8 USC 1326(a). The defendant received a sentence of ten (10) months incarceration with the U.S. Bureau of Prisons, U.S. Martial number 11197-424.

18. On April 28, 1999, the defendant was **DEPORTED** from the United States to Mexico a second time. During the administrative interview held on September 9, 2004, the defendant admitted to re-entering the U.S. without inspection and without the permission of the U.S. Attorney General, on or about June 15, 1999, at or near Nogales, Arizona.

19. On July 28, 2001, the defendant was arrested for Battery, in violation of 720 ILCS 5.0/12-3-A-1, docket number 2001-1271705. On August 31, 2001, the case was Stricken with Leave to Reinstate.

20. On August 26, 2001, the defendant was arrested for Reckless Conduct, in violation of 720 ILCS 5.0/12-5, docket # 2001-1263100. On October 15, 2001, the defendant was convicted of the charge and sentenced to three (3) days incarceration with the Illinois Department of Corrections.

21. On December 2, 2001, the defendant was arrested for DUI/Alcohol/2nd, in violation of 625 ILCS 5.0/11-501-A-2., docket number 014968681. On March 5, 2002, the defendant was found guilty and sentenced to eighteen (18) months Supervision. On September 24, 2002, the defendant was found Guilty again, and given credit for six (6) days time served.

22. On January 12, 2002, the defendant was arrested for Drinking Alcohol on the Public Way, in violation of Statute 8-4-030. There is no known disposition.

23. On January 25, 2002, the defendant was arrested for Drinking Alcohol on the Public Way, in violation of Statute 8-4-030. There is no known disposition.

24. On March 31, 2002, the defendant was arrested for DUI and other traffic violations, docket number 015077363. There is no known disposition.

25. On April 7, 2002, the defendant was arrested for Aggravated Assault (with a weapon), in violation of 720 ILCS 5.0/12-2-A-1, docket number 2002-1220881. On June 7, 2002, the case was Stricken with Leave to Reinstate.

26. On September 22, 2002, the defendant was arrested for Assault – Simple, in violation of 720 ILCS 5/12-1-A, docket number 2002-1202961. On October 1, 2002, the case was Stricken with Leave to Reinstate.

27. On October 5, 2003, the defendant was arrested for Driving on a Revoked License and other traffic violations, in violation of 625 ILCS 5.0/6-303-A, etc, docket number 015604584. There is no known disposition.

28. On January 17, 2004, the defendant was arrested for Drinking Alcohol on the Public Way, in violation of Statute 8-4-030, docket number 015702641. There is no known disposition.

29. On March 20, 2004, the defendant was arrested for Reckless Conduct, in violation of 720 ILCS 5.0/12-5, docket number 015764781. There is no known disposition.

30. On August 29, 2004, the defendant was arrested on a Domestic Battery – Bodily Harm charge, in violation of 720 ILCS 5.0/12-3.2-A-1, docket/CB number 015927412. There is no disposition at this time

31. On September 6, 2004, the defendant was arrested on a Warrant for the Domestic Battery charge. An additional charge was added; 725 ILCS 5.0/110-3. The charges were dropped pending notification of I.C.E. and the subsequent lodging of a Detainer.

32. Based on the information set forth above, there is probable cause to believe that the defendant has re-entered the United States after having been deported twice. The defendant has not applied for nor received consent from the Attorney General of the United States. There is no evidence of any application in the defendant's file.

FURTHER AFFIANT SAYETH NOT.

Andrew Roszel
Special Agent
Bureau of Homeland Security

Subscribed and sworn to me
This 21st day of September, 2004

MARTIN C. ASHMAN
UNITED STATES MAGISTRATE JUDGE